IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ORANGE ELECTRONIC CO. LTD.,** *Plaintiff,* v. **AUTEL INTELLIGENT TECHNOLOGY CORP., LTD.,** *Defendant.* | **Case No. 2:21-cv-00240-JRG** **JURY TRIAL DEMANDED** |

**DEFENDANT AUTEL INTELLIGENT TECHNOLOGY CORP., LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT SERVICE OF PROCESS, AND FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................2

    A. Dismissal For Lack Of Personal Jurisdiction Is Necessary ..............................................2

        1. Autel ITC Does Not Have The Requisite Minimum Contacts With This District ........................................................................................................................2

        2. Rule 4(k)(2) Is Inapplicable Because Autel ITC Consents To Jurisdiction In The Southern District of New York .................................................................5

        3. Finding Personal Jurisdiction Over Autel ITC Would Be Neither Reasonable Nor Fair .........................................................................................6

    B. Autel ITC Still Has Not Been Properly Served ................................................................6

        1. Orange Has Not Served Autel ITC Pursuant To Rule 4 ........................................6

        2. Mere Knowledge Of A Case Does Not Constitute Proper Service and Autel ITC Has Not Waived Its Right to Contest Service ......................................8

        3. Dismissal Is the Proper Remedy for Orange's Failure to Properly Serve Autel ITC ................................................................................................................9

    C. The Court Should Dismiss Orange's Claims Of Direct Infringement Because Orange Does Not Plausibly Allege Infringing Conduct By Autel ITC ........................... 10

III. CONCLUSION ................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.V. Diamonds, Inc. v. Gold Star Jewellery, LLC*,
  No. 4-09-719, Dkt. 14, Order Granting Mot. to Dismiss (S.D. Tex. Aug. 27, 2009).............................. 9

*Admar Int'l, Inc. v. Eastrock, L.L.C.*,
  No. 3:20-CV-00904, 2020 WL 6880966 (W.D. La. Oct. 23, 2020)........................................................ 5

*Am. River Trans. Co. v. M/V Bow Lion*,
  No. Civ. A. 03-1306, 2004 WL 764181 (E.D. La. Apr. 7, 2004)............................................................ 8

*Autel US Inc. v. Orange Elec. Co., Ltd.*,
  No. 1:21-cv-1321 (E.D. Va. Nov. 29, 2021) (Ex. 1) ............................................................................... 9

*Ayika v. Sutton*,
  378 F. App'x 432 (5th Cir. 2010) ............................................................................................................ 8

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
  21 F.3d 1558 (Fed. Cir. 1994) ................................................................................................................. 2

*Bowe Machine Co. v. Superbolt Inc.*,
  No. 3-13-cv-00008, Dkt. 36, Order Granting Mot. to Dismiss
  (S.D. Iowa Dec. 20, 2013)....................................................................................................................... 9

*Carimi v. Royal Carribean Cruise Line, Inc.*,
  959 F.2d 1344 (5th Cir. 1992)................................................................................................................. 7

*Freescale Semiconductor, Inc. v. Amtran Tech. Co., Ltd.*,
  No. A-12-CV-644-LY, 2014 WL 1603665 (W.D. Tex. Mar. 19, 2014)............................................ 3, 6

*Freudensprung v. Offshore Tech. Svc. Inc.*,
  379 F.3d 327 (5th Cir. 2004) ................................................................................................................... 3

*Fusilamp, LLC v. Littlefulse, Inc.*,
  No. 10-20528, Dkt. 28, Order Granting Mot. to Dismiss (S.D. Fla. July 7, 2010) ............................... 9

*ISI Int'l Inc. v. Borden Ladner Gervais LLP*,
  256 F.3d 548 (7th Cir. 2001) ................................................................................................................... 6

*LG Elecs. Inc. v. Asustek Computers*,
  126 F. Supp. 2d 414 (E.D. Va. 2000)...................................................................................................... 4

*Litecubes, LLC v. N. Light Prod., Inc.*,
  523 F.3d 1353 (Fed. Cir. 2008) ............................................................................................................. 10

*Maynard v. Phila. Cervical Collar Co., Inc.*,
  18 Fed. Appx. 814 (Fed. Cir. 2001) (per curiam).................................................................................. 3

*MEMC Elec. Mat'ls, Inc. v. Mitsubishi Mat'ls Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005) .................................................................................. 10

*Mink v. AAAA Dev. LLC*,
  190 F.3d 333 (5th Cir. 1999) ...................................................................................... 3

*Moncrief Oil Int'l, Inc. v. OAO Gazprom*,
  481 F.3d 309 (5th Cir. 2007) ...................................................................................... 3

*N. Am. Philips Corp. v. Am. Vending Sales, Inc.*,
  35 F.3d 1576 (Fed. Cir. 1994) .................................................................................. 10

*In Re OnePlus Technology (Shenzhen) Co. LTD.* .
  (Fed. Cir. 2021) (Non-precedential Order No. 2021-165) (Opp. Ex. 5) ................. 7

*Ramzan v. GDS Holdings Ltd.*,
  No. 4:18-CV-539-ALM-KPJ, 2019 WL 4748001 (E.D. Tex. Sept. 30, 2019) ...... 6

*Sheets v. Yamaha Motors Corp., U.S.A.*,
  849 F.2d 179 (5th Cir. 1988) ...................................................................................... 8

*Touchcom, Inc. v. Bereskin & Parr*,
  574 F.3d 1403 (Fed. Cir. 2009) .................................................................................. 5

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contrs. USA, Inc.*,
  617 F.3d 1296 (Fed. Cir. 2010) ................................................................................ 10

*World–Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) .................................................................................................... 2

*WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*,
  No. 6-20-CV-00952-ADA, 2021 WL 2870679 (W.D. Tex. July 8, 2021) ............ 7

**Other Authorities**

Fed. R. Civ. P. 4 ................................................................................................................ 6, 8

Fed. R. Civ. P. 4(f) ............................................................................................................... 9

Fed. R. Civ. P. 4(f)(3) .......................................................................................................... 7

Fed. R. Civ. P. 4(k)(2) ................................................................................................. 1, 5, 6

Fed. R. Civ. P. 12(b)(5) ....................................................................................................... 9

I.  **INTRODUCTION**

Orange has failed to carry its burden of establishing that this Court has personal jurisdiction over the sole named defendant, Autel ITC. Likewise, Orange has failed to demonstrate that it properly served Autel ITC. For each of these reasons, Orange's complaint against Autel ITC should be dismissed.

The deficiencies that Orange faces stem from a critical choice that Orange itself made: to escape the Supreme Court's *TC Heartland* decision, it chose not to name Autel US. Since it made this strategic choice, however, it cannot now avoid the ramifications by stretching the bounds of this Court's jurisdiction, conflating two distinct Autel entities in order to overcome critical procedural deficiencies, and taking a laissez-faire approach to service of process in the six months this case has been pending. Unable to overcome these deficiencies, Orange resorts to arguing "form over substance" to try to sidestep the Rules. But the Rules of Civil Procedure are grounded in due process for a reason, and these Rules dictate a dismissal of Orange's Complaint.

Orange's accusations throughout its opposition (and in particular in the introduction) present half-truths and inaccuracies—efforts that reveal just how dire and deficient its complaint is. For example, Orange avers that "Autel ITC's website" purportedly shows "contracts and other direct connections and ongoing relationships with U.S. and Texas dealers as well as customers," Opp. at 1, but the Complaint fails to connect the dots from Autel ITC's website to contacts in this District, fails to plead any specific facts about these alleged "direct connections and ongoing relationships," and fails to name even a single "dealer" or "customer" in this District. Orange also accuses Autel ITC of not addressing Federal Rule 4(k)(2) in its motion, *id.*, yet Orange <u>never pleads this rule</u> as a basis for jurisdiction. Orange further proclaims that Autel ITC has served Orange in a declaratory judgment action involving the same patent (but a different Autel entity) "in the same manner that Orange served Autel ITC in this case," *id.* at 2, but Orange

omits that Autel US moved for alternative service in the declaratory judgment action—a request that Orange failed to make, despite having filed this action over six months ago—and served Orange by publication as the statute specifically provides.

Finally, Orange has failed to plead sufficient facts to support a claim of direct infringement against Autel ITC, a foreign entity. In an effort to overcome its deficient pleading, Orange improperly relies on sales that occur outside the United States, but such sales are outside the purview of U.S. patent law under established Federal Circuit precedent. Accordingly, Orange's direct infringement claim must be dismissed.

## II. ARGUMENT

### A. Dismissal For Lack Of Personal Jurisdiction Is Necessary.

#### 1. Autel ITC Does Not Have The Requisite Minimum Contacts With This District.

Although Autel ITC has no presence in this District, Orange argues that jurisdiction is proper because Autel ITC has an English-language website. Since that website provides passive information to allow users to identify retailers and for potential retailers to become dealers, Orange reasons, jurisdiction must be proper.

Orange's analysis is flawed.[1] The proper legal test for specific jurisdiction requires more than merely pointing to a website: it probes "the relationship between the defendant, the forum,

---

[1] Orange does not specifically argue (or plead) a stream-of-commerce theory to allege that Autel ITC has minimum contacts in the District, nor could it.  While Orange alleges that Autel ITC's relationship with Autel US is "for the sole purpose of importing and selling Autel ITC's products within the United States, including the particular accused products identified in the Complaint" (Opp. at 6), this relationship alone does not establish that it was reasonably foreseeable that the products would end up in Texas. The Federal Circuit has only found jurisdiction proper under the stream of commerce when both the "foreseeability" and "stream of commerce plus" tests are satisfied. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994) (finding allegations sufficient that "defendants, acting in consort, placed the accused product in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being

2

and the litigation" to determine whether these various relationships constitute a "purposeful availment." *Freudensprung v. Offshore Tech. Svc. Inc.*, 379 F.3d 327, 343 (5th Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The defendant must have "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "A rational belief that a component or product will eventually end up in a particular state—even if that belief amounts to a substantial certainty—does not, by itself, amount to purposeful [availment]." *Freescale Semiconductor, Inc. v. Amtran Tech. Co., Ltd.*, No. A-12-CV-644-LY, 2014 WL 1603665, at *6 (W.D. Tex. Mar. 19, 2014) (quoting *J. McIntyre Mach. v. Nicastro,* 131 S. Ct. 2780, 2788 (2011)).

Here, Orange points to autel.com alone as satisfying these standards. Orange argues that Autel ITC "retained control over recruiting and signing-up U.S. retailers/dealers, and it retained control over directing U.S. customers to U.S. retailers for the accused products." Opp. at 6. But, Autel ITC's "passive website is insufficient to establish purposeful availment for purposes of due process." *See Maynard v. Phila. Cervical Collar Co., Inc.*, 18 Fed. Appx. 814, 816–17 (Fed. Cir. 2001) (per curiam) (citations omitted); *see also Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336–37 (5th Cir. 1999) (finding website was passive even though it contained information regarding products and services, printable forms, and company contact information).

---

brought into court here.") (emphasis added), *see also World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295 (1980) ("foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."). Thus, even if foreseeability were to be established, a stream of commerce theory would fail because of Autel ITC's lack of any connection with Texas.

Orange cannot show that autel.com is anything more than a passive display of information. Though it argues that "Autel ITC's website also includes links for prospective retailers, including from the United States and this district, to sign-up (i.e., contract) directly with Autel ITC to 'Become a Dealer,'" Opp. at 6, the "Become a Dealer" webpage does not create a contractual relationship, or even offer to do so. Rather, it merely provides a mechanism for potential dealers to provide contact information and request additional information.

Orange also relies on the "Where to Buy" webpage in arguing that autel.com "directs users to those U.S. retailers and dealers, many of which are U.S. national stores such as Walmart, O'Reilly Auto Parts, Advanced Auto Parts, Precision Tune Auto Care, and ABC Auto Parts, having locations in this district." Opp. at 6-7. Again, however, this is merely passive information provided to potential consumers and does not rise to the level of "purposeful availment."

Moreover, that Autel ITC's products may ultimately be sold to national retailers, such as those identified by Orange, does not establish a direct connection with Texas. For example, Wal-Mart, headquartered in Bentonville, Arkansas, may sell Autel products, but Wal-Mart, not Autel ITC, controls the distribution chain, transports the products to its many locations, and oversees the sales to customers. This does not establish that Autel ITC "purposefully directs its activities at [Texas] [by] deliver[ing] its products into the stream of commerce with the expectation that they will be purchased by consumers in [Texas]." *See LG Elecs. Inc. v. Asustek Computers*, 126 F. Supp. 2d 414, 419 (E.D. Va. 2000) (citing *Beverly Hills Fan*, 21 F.3d at 1558).

Lastly, Orange relies on the "Support" tab and "Tech support" link found on autel.com as indicia of Autel ITC's "direct[] and active[] involve[ment] with its U.S. dealers and customers for the accused products[.]" Opp. at 7. Once again, this merely shows a means for customers to provide contact information and request additional information—it does not rise to the level of

4

purposeful availment. *See Admar Int'l, Inc. v. Eastrock, L.L.C.,* No. 3:20-CV-00904, 2020 WL 6880966, at *6 (W.D. La. Oct. 23, 2020), report and recommendation adopted, No. 3:20-CV-00904, 2020 WL 6878346 (W.D. La. Nov. 23, 2020), *aff'd*, 18 F.4th 783 (5th Cir. 2021) ("In the absence of evidence of any actual sales in this state via haakaausa.com, the website serves more as an informational or advertising platform, which does not suffice to support specific, personal jurisdiction, even in the context of intellectual property infringement.").

At bottom, Autel ITC is a foreign entity that does not conduct business in Texas, has no offices in Texas, directs no specific activities at the residents of Texas, has no employees in Texas, designs no products specifically for the Texas market, and does not target advertisements to Texas consumers. Instead, Autel ITC merely provides products to its U.S. subsidiary (which Orange deliberately did not name here), which then supplies national retailers, who then sell the products where they see fit, without input from Autel ITC. This is not "purposeful availment," and neither the Complaint nor Orange's opposition offers any reason to find otherwise.

> **2.  Rule 4(k)(2) Is Inapplicable Because Autel ITC Consents To Jurisdiction In The Southern District of New York.**

In formulating Rule 4(k)(2), "[t]he advisory committee was concerned with <u>defendants escaping jurisdiction in U.S. federal courts</u> while still having minimum contacts with the United States." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009) (emphasis added). A "federal court is entitled to use Rule 4(k)(2)" only when "the defendant contends that he cannot be sued in the forum state and <u>refuses to identify any other where suit is possible</u>." *Touchcom*, 574 F.3d at 1415 (emphasis added, internal quotations omitted). "A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *ISI Int'l Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001);

5

*Ramzan v. GDS Holdings Ltd.*, No. 4:18-CV-539-ALM-KPJ, 2019 WL 4748001, at *8 (E.D. Tex. Sept. 30, 2019).

Here, Autel ITC explicitly states and concedes that its contacts and conduct in New York, where its U.S. subsidiary, Autel US, is headquartered, render Autel ITC subject to personal jurisdiction in New York. As a result, Rule 4(k)(2) does not apply. *See Freescale Semiconductor*, 2014 WL 1603665, at *6. Therefore, even under Rule 4(k)(2), personal jurisdiction over Autel ITC cannot be established.

### 3. Finding Personal Jurisdiction Over Autel ITC Would Be Neither Reasonable Nor Fair.

Orange does not directly address this factor in its Opposition, instead merely stating that "[g]iven Autel ITC's contacts with the U.S. in connection with the accused infringing products, the assertion of personal jurisdiction is certainly reasonable and fair." Opp. at 7. Yet Autel ITC's only contacts with the U.S. are through its U.S. subsidiary, Autel US, which Orange strategically omitted from this case. Because Autel US is solely responsible for all domestic activities related to Autel products, including importing and selling Autel products in the U.S., fairness dictates that this matter be resolved between Orange and Autel US, and there is no dispute that under *TC Heartland*, Autel US could not be sued here. The appropriate forum for this dispute is not Texas.

### B. Autel ITC Still Has Not Been Properly Served.

### 1. Orange Has Not Served Autel ITC Pursuant To Rule 4.

Citing Federal Rule of Civil Procedure 4(f), Orange acknowledges that it must serve Autel ITC pursuant to the Hague Convention or "'by other means not prohibited by international agreement, as the court orders.'" Opp. at 9. Orange has not argued that it served Autel ITC in accordance with the Hague Convention, or even attempted to do so. And it has not shown that an alternative means of service was performed in accordance with an order from this, or any other,

6

Court. Instead, Orange merely elected to mail copies of the complaint (months after filing) to Autel ITC's counsel in a USPTO proceeding. Accordingly, Orange has failed to meet its burden of showing proper service. *See Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) ("[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity.").

Orange relies on *In Re OnePlus Technology (Shenzhen) Co. LTD.* .(Fed. Cir. 2021) (Non-precedential Order No. 2021-165) (Opp. Ex. 5) in support of its position that service on Autel ITC's outside counsel was sufficient; however, this case is readily distinguishable. Specifically, the Court noted that "[plaintiff] requested that the district court grant it leave under Fed. R. Civ. P. 4(f)(3) to use alternative methods to effect service. The court granted the motion…" *Id.* Here, no such request was made, no excuse for failing to do so has been offered, and no order from the Court has issued.

A request is necessary because determinations regarding alternate service under Federal Rule 4(f)(3) are conferred to the discretion of the Court to ensure "that alternate methods of service of process comport with the principle of comity." *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6-20-CV-00952-ADA, 2021 WL 2870679, at *3 (W.D. Tex. July 8, 2021) (citing *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 643–44 (5th Cir. 1994)). Further, the Court's overseeing of alternative service ensures that Rule 4(f)(3) does not consume 4(f)(1) and 4(f)(2), and "some courts, in the exercise of their discretion, have looked to whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means and have required a showing that the circumstances render the court's intervention necessary[.]" *In Re OnePlus Technology (Shenzhen) Co. LTD.*, *supra*.

7

As Orange never requested alternative service in the months prior to Autel ITC's motion to dismiss, it should not retroactively be given leave now to do what it should have done earlier.

### 2. Mere Knowledge Of A Case Does Not Constitute Proper Service and Autel ITC Has Not Waived Its Right to Contest Service.

In its Opposition, Orange appears to argue that mere knowledge of a case is sufficient to effect service. Opp. at 10-11. That is not the case. The requirements of the Federal Rules must be satisfied to effect service of process. *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (*quoting Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir.1988) ("[A]lthough the defendants apparently had actual notice of the insufficient service, the 'defendant's actual notice of the litigation…is insufficient to satisfy Rule 4's requirements.'").

Orange further argues that "not only has Autel ITC been provided with actual notice of the litigation, but it has taken actions in response to that notice." Opp. at 11. However, Orange has not cited a single authority that supports the position that Autel ITC cannot challenge service because it has independently challenged the validity of Orange's patent and because its U.S. subsidiary has sought a declaratory judgment of non-infringement in another court.

By choosing to file against a foreign defendant (and electing not to include its U.S. subsidiary), Orange effectively brought to bear the procedural issues that it now seeks to avoid, namely, the need for service pursuant to the Hague Convention. Orange should not be rewarded for its failure to comply with the rules, nor Autel ITC disadvantaged for insisting that Orange follow them. *See Sheets v. Yamaha Motors Corp., U.S.A.,* 849 F.2d 179, 185 n.5 (5th Cir. 1988) (a foreign defendant may insist on service under the Hague Convention); *see also Am. River Trans. Co. v. M/V Bow Lion*, No. Civ. A. 03-1306, 2004 WL 764181, at *2 (E.D. La. Apr. 7, 2004) ("Rule 4 clearly requires that defendants located in nations bound by the Hague Convention be served pursuant to the terms of the Hague Convention.").

### 3. Dismissal Is the Proper Remedy for Orange's Failure to Properly Serve Autel ITC.

In its Opposition, Orange for the first time seeks leave (in the alternative) to serve the Summons and Complaint by alternative means. Opp. at 12. Orange fails to file a proper motion to make this request. Further, Orange makes no attempt to explain why it did not make this request sooner, such as after it learned that Autel ITC's prior litigation counsel was no longer representing the company on July 7, 2021 (Dkt. No. 6-1 at ¶ 11); after Autel ITC filed a petition for *inter partes* review against Orange on September 17, 2021 (*id.* at ¶ 16); after it sent copies of the complaint to Autel ITC's IPR counsel on October 20, 2021 (*id.* at ¶ 17); or indeed after Autel US filed a declaratory judgment action against Orange in the Eastern District of Virginia on November 29, 2021[2] (*see* Compl., *Autel US Inc. v. Orange Elec. Co., Ltd.*, No. 1:21-cv-1321 (E.D. Va. Nov. 29, 2021) (Dkt. No. 1) (Ex. 1).

Orange's belated, defective attempt at service should not be rewarded, and dismissal for lack of service is appropriate under Rule 12(b)(5). *See Bowe Machine Co. v. Superbolt Inc.*, No. 3-13-cv-00008, Dkt. 36, Order Granting Mot. to Dismiss (S.D. Iowa Dec. 20, 2013) (dismissing case for failing to serve Swiss entity under Hague); *Fusilamp, LLC v. Littlefulse, Inc.*, No. 10-20528, Dkt. 28, Order Granting Mot. to Dismiss (S.D. Fla. July 7, 2010) (dismissing for failing to serve under Hague); *A.V. Diamonds, Inc. v. Gold Star Jewellery, LLC*, No. 4-09-719, Dkt. 14, Order Granting Mot. to Dismiss (S.D. Tex. Aug. 27, 2009) (dismissing for serving a non-employee and failing to serve a foreign entity pursuant to Rule 4(f)).

---

[2] In his attorney declaration submitted along with Orange's motion for default (Dkt No. 6), Orange attorney Mr. Rabena incorrectly avers that Autel US's DJ complaint was filed on November 1, 2021. *See* Dkt. 6-1 (Rabena Decl.) at ¶ 18. He also wrongly alleges that "Autel" (*i.e.,* Autel ITC) filed that DJ action. *See id.* As shown by the as-filed version of Autel US's complaint (attached as Exhibit 1 hereto), neither of these statements is true.

9

C. **The Court Should Dismiss Orange's Claims Of Direct Infringement Because Orange Does Not Plausibly Allege Infringing Conduct By Autel ITC.**

Where, as here, a foreign company sells allegedly infringing products to another company on foreign soil, those acts do not support a claim of infringement, even if the seller knows that the product will ultimately be imported into the United States. *MEMC Elec. Mat'ls, Inc. v. Mitsubishi Mat'ls Silicon Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005). In response, Orange suggests that the Federal Circuit rejected this interpretation of *MEMC*, relying on *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contrs. USA, Inc.*, 617 F.3d 1296 (Fed. Cir. 2010). *Transocean*, however, said no such thing and involved facts that are easily distinguished from those here. Rather, the *Transocean* court found as follows:

> This case presents the question whether an offer which is made in Norway by a U.S. company to a U.S. company <u>to sell a product within the U.S.</u>, for delivery and use within the U.S. constitutes an offer to sell within the U.S. under § 271(a). We conclude that it does.

617 F.3d at 1309 (emphasis added). In contrast, the case here involves a foreign company (Autel ITC) conducting sales outside of the U.S. (to Autel US). Thus, *Transocean* is inapposite.

Likewise, *North American Philips* and *Litecubes* are distinguishable. Both stand only for the proposition that an f.o.b. term is not dispositive as to the location of the sale; moreover, in both instances the accused infringer was directly responsible for the relevant U.S. sales directly to customers. *See N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1577 (Fed. Cir. 1994) ("Though admitting [the accused infringer] had made sales 'of products shipped to customers in Illinois[.]'"); *Litecubes, LLC v. N. Light Prod., Inc.*, 523 F.3d 1353, 1369 (Fed. Cir. 2008) ("It is uncontested that [the accused infringer] sold and shipped the allegedly infringing products directly to customers located in the United States.").

III. **CONCLUSION**

For the foregoing reasons, the Court should grant Autel ITC's motion to dismiss.

10

Dated: January 18, 2022

Respectfully submitted,

*/s/ James A. Fussell, III*
Gary M. Hnath *(Pro Hac Vice* application to be sought*)*
James A. Fussell, III
Bryan Nese
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
ghnath@mayerbrown.com
jfussell@mayerbrown.com
bnese@mayerbrown.com

Hao Tan *(Pro Hac Vice* application to be sought*)*
Shen Wang *(Pro Hac Vice* application to be sought*)*
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
HaoTan@archlakelaw.com
ShenWang@archlakelaw.com

*COUNSEL FOR DEFENDANT AUTEL TECH. CORP., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 18th day of January, 2022, with of a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ James A. Fussell, III*
James A. Fussell, III