# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

AUTEL US INC.,

        Plaintiff,

v.

ORANGE ELECTRONIC CO. LTD.,

        Defendant.

Civil Action No. 1:21-cv-1321

## COMPLAINT

This is an action for a declaratory judgment of non-infringement of United States Patent No. 8,031,064 (the "'064 patent"; attached as Exhibit A) by Autel US Inc. pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

### THE PARTIES

1.    Plaintiff Autel US Inc. ("Autel US") is a corporation organized under the laws of New York, with its headquarters located at 36 Harbor Park Drive, Port Washington, NY 11050.

2.    Autel US and its corporate parent, Autel Intelligent Technology Corp., Ltd. ("Autel ITC"), specialize, among other things, in the research and development, production, sales, and service of automotive intelligent diagnostics, detection and analysis systems, and automotive electronic components. Autel products are sold in more than 50 countries, including the United States, Germany, the United Kingdom, and Australia.

3.    Autel US and Autel ITC are among the world's leading providers of automotive intelligent diagnostics, inspection, and tire pressure monitoring system ("TPMS") products and services.

4.      Autel US is a wholly-owned subsidiary of Autel ITC.

5.      Defendant Orange Electronic Co. Ltd. ("Orange") is a Taiwanese company

located at 5F, No.29, Keya Rd. Central Taiwan Science Park, Taichung 42881, Taiwan.

### NATURE OF THE ACTION

6.      In this action, Autel US seeks a judicial declaration that it does not infringe at

least claims 23 and 26-29 of the '064 patent.

7.      Autel US seeks this relief because Orange has sued Autel US's corporate parent,

Autel ITC, alleging that it has infringed the '064 patent by using, selling, and/or offering for sale

in the United States certain TPMS products.

8.      As will be explained in this complaint, Orange's pending lawsuit against Autel

ITC has placed a cloud over Autel US's continuing sale of its TPMS products in the United

States, thereby creating an actual and justiciable controversy between Autel US and Orange.

### JURISDICTION AND VENUE

9.      According to the United States Patent and Trademark Office's ("USPTO")

Assignment Database, Reel/Frame No. 021898/0710, Orange is the owner of record of the '064

patent.

10.     On information and belief, Orange has not identified an agent for service of

process in the United States in connection with the '064 patent.

11.     Orange is a Taiwanese corporation and is therefore a "patentee not residing in the

United States." *See* 35 U.S.C. § 293.

12.     Accordingly, 35 U.S.C. § 293 provides this Court with personal jurisdiction over

Orange because, according to the statute, this Court "shall have the same jurisdiction to take any

action respecting the patent or rights thereunder that it would have if the patentee were

personally within the jurisdiction of the court."

13.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, and

1338, as a declaratory judgment action arising under the Patent Laws, Title 35 of the United

States Code.

14.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c). For example,

venue is proper under § 1391(b)(3) because Orange is subject to this Court's personal

jurisdiction under 35 U.S.C. § 293. Venue is also proper under 28 U.S.C. § 1391(c)(3) because a

defendant that does not reside in the United States (such as Orange) may be sued in any judicial

district.

### BACKGROUND – THE '064 PATENT

15.     The  '064 patent bears the title "TIRE PRESSURE DETECTING APPARATUS

AND TIRE PRESSURE DETECTOR IDENTIFICATION COPYING METHOD FOR THE

SAME" (Ex. A ('064 patent) at (54)) and states that it issued on October 4, 2011 (*id.* at (45)).

16.     The '064 patent identifies Hung-Chih Yu of Taichung, Taiwan, as the sole

inventor. *Id.* at (75).

17.     The '064 patent lists Orange as the assignee. *Id.* at (73).

18.     The '064 patent issued with 13 claims. Through a series of *ex parte*

reexaminations that took place at the USPTO between 2012 and 2020, all of the original claims

of the '064 patent were cancelled, and new claims were added.

19.     As of the filing of this complaint, the '064 patent includes twelve claims: claims

16-19, 21, and 23-29. Of these, claims 16, 18, 23 and 26-28 are independent.

### BACKGROUND – ORANGE'S TEXAS LAWSUIT

20.     On June 30, 2021, Orange filed a complaint (the "Texas Complaint"; attached as

Exhibit B) with the United States District Court for the Eastern District of Texas, Marshall

Division. The Texas Complaint was assigned Case No. 2:21-cv-00240-JRG.

21.     In its Texas Complaint, Orange alleged infringement of the '064 patent by Autel US's corporate parent, Autel ITC.

22.     Specifically, in the Texas Complaint, Orange accused the following Autel TPMS products of infringing claims 23 and 26-29 of the '064 patent: MaxiTPMS TS501, MaxiTPMS TS601, TS401, TS408, TS508, TS608, MS906TS, ITS 600, TS508WF, 1-Sensor (Press-in) M, 1-Sensor (Press-in) R, 1-Sensor (Screw-in) M, 1-Sensor (Screw-in) R, 315MHz MX-Sensor M, 433MHz MX-Sensor M, 315Mhz MX-Sensor R, and 433MHz WC-Sensor R (collectively, the "Products-at-Issue"). Ex. B (Texas Compl.) at ¶ 18.

23.     The Products-at-Issue are sold throughout the United States (including in this judicial district) by Autel US.

24.     On information and belief, as of the filing of this complaint, Orange has not properly served the Texas Complaint on Autel ITC.

25.      In the Texas Complaint, Orange alleged that it "is the owner of the '064 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '064 Patent against infringers, and to collect damages for infringement during all relevant times." *Id.* at ¶ 14.

26.     According to the Texas Complaint, Orange's allegations of infringement of the '064 patent are based on the alleged manufacture and sale by Autel ITC of the Products-at-Issue. *Id.* at ¶ 17 (alleging that Autel ITC has "made, used, provided, supplied, distributed, sold, and/or offered for sale in the United States and in [the Eastern District of Texas], TPMS products that infringe the Asserted ['064] Patent").

27.     Autel US continues to offer for sale and sell Autel TPMS products (including the Products-at-Issue) to customers in the United States.

28.     Therefore, Autel US has a reasonable apprehension that Orange may file an action against Autel US and allege that Autel US has infringed or is infringing the '064 patent by making, using, offering for sale, and/or selling TPMS products.

29.     Autel US's TPMS products (including the Products-at-Issue) do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any claim of the '064 patent.

30.     In view of Orange's allegations that TPMS products sold by Autel US infringe the '064 patent, and its patent infringement claims against Autel ITC based on these products, a substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

**FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

31.     Autel US incorporates by reference all preceding paragraphs as if fully set forth herein.

32.     An actual controversy exists concerning the '064 patent due at least to Orange's assertion that Autel ITC infringes claims 23 and 26-29 of the '064 patent through Autel ITC's alleged manufacture and sale of the Products-at-Issue, which products are sold by Autel US in the United States.

33.     Orange's wrongful assertion of the '064 patent against products sold by Autel US has caused and will continue to cause Autel US irreparable injury and damage.

34.     On information and belief, the Products-at-Issue all lack an "input module," as required by claims 23 and 26-29 of the '064 patent.

35.     On information and belief, the Products-at-Issue all lack an "input module" that allows the operator to "manually input an identification to be written into the identification rewritable tire pressure detector," as required by claims 26 and 27 of the '064 patent.

- 5 -

36.     Because the term "module" is a nonce word that fails to convey a sufficiently

definite meaning as the name for structure to a person of ordinary skill in the art, the claimed

"input module" should be construed as a means-plus-function term in accordance with 35 U.S.C.

§ 112, ¶ 6. *See Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1350 (Fed. Cir. 2015).

37.     Accordingly, the claimed "input module" should be limited to the corresponding

structure described for performing the function in the '064 patent's specification.

38.     The '064 patent's specification explains that the claimed "input module" may be a

"dip switch, a key-board or the like." Ex. A ('064 patent) at 3:53-59.

39.     The Products-at-Issue do not contain a "dip switch" or "keyboard" that performs

the claimed functions of the "input module."

40.     On information and belief, the Products-at-Issue all lack the feature of "wherein

the old tire pressure detector stores only the old identification," as required by claims 26-28 of

the '064 patent.

41.     On information and belief, any alleged "old tire pressure detector" used in

conjunction with the Products-at-Issue would store information in addition to any alleged "old

identification."

42.     On information and belief, the Products-at-Issue all lack a "power module," as

required by claims 26 and 27 of the '064 patent.

43.     Because the term "module" is a nonce word that fails to convey a sufficiently

definite meaning as the name for structure to a person of ordinary skill in the art, the claimed

"power module" should be construed as a means-plus-function term in accordance with 35

U.S.C. § 112, ¶ 6. *See Williamson*, 792 F.3d at 1350.

44.     Accordingly, the claimed "power module" should be limited to the corresponding structure described for performing the function in the '064 patent's specification.

45.     The '064 patent's specification describes the claimed "power module" only as being "electronically connected to the micro-processing module (12) and provides electric power to the identification re-writeable tire pressure detector (10)." Ex. A ('064 patent) at 3:3-5.

46.     The '064 patent's specification fails to provide any corresponding structure for the claimed "power module" that would read on any component in the Products-at-Issue.

47.     On information and belief, none of the Products-at-Issue perform the step of "verifying, by the setting apparatus, the update identification newly recorded in the rewritable memory unit of the new identification rewriteable tire pressure detector, wherein the verifying step comprises: receiving, by the setting apparatus, a wireless signal from the new identification rewriteable tire pressure detector, wherein the wireless signal comprises the update identification newly recorded in the rewritable memory unit; and judging, by the setting apparatus, consistency of the update identification newly recorded in the rewritable memory unit and the old identification of the old tire pressure detector," as required by claims 23 and 29 of the '064 patent.

48.     On information and belief, in the Products-at-Issue, after the programming tool writes the alleged new identification into the sensor, the sensor provides an affirmative response indicating that the writing is successful. But that response does not contain any "update identification newly recorded in the rewritable memory unit," as required by claims 23 and 29 of the '064 patent.

49.     Moreover, on information and belief, none of the Products-at-Issue use a "setting apparatus" to judge "consistency of the update information … and the old identification of the

old tire pressure detector," as required by claims 23 and 29 of the '064 patent. On information and belief, none of the Products-at-Issue compare old and new information to make the claimed judgment of consistency.

50.     On information and belief, the Products-at-Issue do not infringe any of the above-referenced limitations under the doctrine of equivalents because there are substantial differences between the Products-at-Issue and the referenced limitations, and no component in the Products-at-Issue performs substantially the same function, in substantially the same way, to achieve substantially the same result.

51.     Indeed, in its Texas Complaint, Orange did not specifically accuse any Product-at-Issue of infringing any claim of the '064 patent under the doctrine of equivalents. Instead, Orange simply "reserve[d] the right … to assert infringement under the doctrine of equivalents in light of information learned during discovery or in view of this Court's claim construction order." Ex. B (Texas Compl.) at ¶ 19.

52.     Claims 23 and 26-29 each recite at least three separate components: a "setting apparatus," a "new" pressure detector, and an "old" pressure detector.

53.     Autel US itself does not make, use, sell, offer to sell, or import into the United States each of the components claimed by claims 23 and 26-29 of the '064 patent. For example, Autel US does not sell both "old" and "new" pressure detectors within the meaning of claims 23 and 26-29 of the '064 patent.

54.     Autel US does not provide instructions, guidance, or support to any other entity that would make, use, sell, offer to sell, or import into the United States such components. Accordingly, any such entities would not be under Autel US's direction or control, or be a joint venture, for purposes of divided infringement.

55.     Accordingly, for at least the above reasons, Autel US does not infringe claims 23 and 26-29 of the '064 patent under 35 U.S.C. § 271(a).

56.     Further, Autel US has not actively encouraged or induced others to infringe the '064 patent with knowledge that such acts will lead to infringement. Autel US therefore does not infringe the '064 patent under 35 U.S.C. § 271(b).

57.     In addition, the components sold by Autel US are a staple article or commodity of commerce suitable for substantial non-infringing uses, such as by being used in systems that do not meet each of the limitations of claims 23 and 26-29 of the '064 patent. Therefore, Autel US has not infringed these claims under 35 U.S.C. § 271(c).

58.     Moreover, as shown in this complaint, Autel US has a good-faith belief of non-infringement. Therefore Autel US has not infringed at least claims 23 and 26-29 of the '064 patent under 35 U.S.C. §§ 271(b) and 271(c).

59.     Because Autel US's TPMS products (including one or more of the Products-at-Issue) do not meet each limitation of claims 23 and 26-29 of the '064 patent, Autel US's TPMS products do not infringe, directly or indirectly, these claims, either literally or under the doctrine of equivalents.

60.     Accordingly, Autel US seeks and is entitled to a declaratory judgment that the use, sale, and offer for sale of Autel US's TPMS products do not infringe claims 23 and 26-29 of the '064 patent. A judicial determination of the respective rights of the parties regarding non-infringement of these patent claims is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement of the '064 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Autel US prays for the following relief:

(A)    a declaratory judgment that the Products-at-Issue do not infringe, directly or

indirectly, literally or under the doctrine of equivalents, claims 23 and 26-29 of

the '064 patent;

(B)    an injunction barring Orange from asserting or threatening Autel US, its

customers, or its potential customers with infringement of the '064 patent;

(C)    a declaration that this action is an exceptional case under 35 U.S.C. § 285;

(D)    an award to Autel US of its attorneys' fees and costs incurred in this Action; and

(E)    a grant of any other relief that this Court deems just and proper.


Dated: November 29, 2021         */s/ Gary M. Hnath*
                                 Gary M. Hnath (VA Bar No. 33953)
                                 James "Tripp" Fussell III (*pro hac vice* application to be
                                 sought)
                                 Bryan Nese (*pro hac vice* application to be sought)
                                 Mayer Brown LLP
                                 1999 K Street NW
                                 Washington, DC 20006
                                 +1.202.263.3040
                                 ghnath@mayerbrown.com
                                 jfussell@mayerbrown.com
                                 bnese@mayerbrown.com