IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ORANGE ELECTRONIC CO. LTD., | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | CIVIL ACTION NO.  2:21-CV-00240-JRG |
| v. | § | |
| | § | |
| AUTEL INTELLIGENT TECHNOLOGY | § | |
| CORP., LTD., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Orange Electronic Co. Ltd.'s ("Orange") Motion for Leave to Effect Service by Alternate Means (the "Motion").  (Dkt. No. 37).  Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **GRANTED**.

## I.    BACKGROUND

On June 30, 2021, Orange filed a lawsuit against Autel Intelligent Technology Corp., Ltd. ("Autel ITC") in Case No. 2:21-cv-00240 (the "-240 action"), asserting infringement of U.S. Patent No. 8,031,064C3 (the "'064 Patent").  (-240 action, Dkt. No. 1 ¶ 4).  Orange is located in Taiwan, and Autel ITC is incorporated in China.  (*Id.* ¶¶ 1, 2).  On July 9, 2020, counsel for Orange mailed and emailed Autel ITC's CEO, Mr. Hong Jing Li, a negotiation letter and copy of the '064 Patent.  (-240 action, Dkt. No. 37-1 ¶ 5; Dkt. No. 37-2).  On July 24, 2020, then-counsel for Autel ITC, Steptoe & Johnson LLP, acknowledged receipt of the negotiation letter.  (-240 action, Dkt. No. 37-1 ¶ 6; Dkt. No. 37-3).  On July 24, 2020, the parties commenced negotiations on a potential license agreement, but the record reflects that an agreement was never effectuated.  (-240 action, Dkt. No. 37-1 ¶¶ 7, 8, 9; Dkt. No. 37-4; Dkt. No. 37-5; Dkt. No. 37-6).

On July 3, 2021, counsel for Orange emailed then-counsel for Autel ITC, Steptoe & Johnson LLP, a copy of the Complaint and Waiver of Service form, requesting waiver of service; however, Steptoe & Johnson LLP advised that it was no longer representing Autel ITC. (-240 action, Dkt. No. 37-1 ¶¶ 10, 11; Dkt. No. 38-1).  On July 8, 2021, Orange emailed and mailed Autel ITC's CEO the Complaint, Exhibits, and Waiver of Service form, requesting waiver of service.  (-240 action, Dkt. No. 3; Dkt. No. 37-1 ¶ 12; Dkt. No. 40-1).  On July 13, 2021, Autel ITC's President received the documents, and on July 19, 2021, present-counsel for Autel ITC, Arch & Lake LLP, acknowledged receipt of the documents.  (-240 action, Dkt. No. 37-1 ¶¶ 13, 14; Dkt. No. 43-1).  On September 17, 2021, Autel ITC filed a petition for *inter partes* review ("IPR") against Orange on the '064 Patent.  (-240 action, Dkt. No. 37-1 ¶ 16).  On October 20, 2021, Orange mailed the Complaint and Exhibits via process server to Autel's IPR counsel, Kilpatrick Townsend & Stockton LLP.  (-240 action, Dkt. No. 4; Dkt. No. 5).

On November 29, 2021, Autel ITC's subsidiary, Autel US Inc ("Autel US"), filed a declaratory judgment action in Case No. 1:21-cv-1321 (the "-1321 action") against Orange for the '064 Patent in the Eastern District of Virginia ("EDVA").  (-1321 action, Dkt. No. 1).  On March 21, 2021, the EDVA dismissed the declaratory judgment action.  (-1321 action, Dkt. No. 24 at 6).

On December 27, 2021, in this case, Autel ITC filed its Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Service of Process, and Failure to State a Claim herein (the "Motion to Dismiss").  (-240 action, Dkt. No. 9).  The parties dispute whether Orange properly effectuated service on Autel ITC.  (-240 action, Dkt. No. 9 at 15–18; Dkt. No. 11 at 8–12; Dkt. No. 18 at 10–13).  Pursuant to the Court's Order on June 14, 2022, Orange filed the instant Motion, and it now seeks leave to serve the Summons and Complaint by personal service on Autel ITC's counsel in this case pursuant to Federal Rule of Civil Procedure Rule 4(f)(3).  (-240 action, Dkt. No. 36; Dkt. No. 37 at 8).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(h)(2), a foreign corporation, partnership, or other unincorporated association located outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2).  Rule 4(f), in turn, states that an individual in a foreign country may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i)   delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii)  using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f).

Rule 4(f)(3)—authorizing court-ordered service "by other means not prohibited by international agreement"—is "not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant."  *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).   To the contrary, Rule 4(f)(3) "stands

independently, on equal footing" with other methods of service under Rule 4(f).  *Id.* (quoting *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)).  However, courts must be mindful that "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient."  *Id.* at *3.

Accordingly, courts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention.  *Id.*; *see also SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. 2:20-CV-00003-JRG, 2020 WL 6578411, at *1 (E.D. Tex. June 15, 2020) (noting that plaintiffs had attempted service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents).  District courts are granted broad discretion in making such a determination.  *In re OnePlus*, 2021 WL 4130643, at *3–4.

Once a district court has exercised its discretion and determined that service under Rule 4(f)(3) is warranted, the court must consider whether the requested means of alternative service comports with due process as to each defendant.  *SIMO Holdings*, 2020 WL 6578411, at *2; *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-CV-01827-N, 2018 WL 3330022, at *5 (N.D. Tex. Mar. 16, 2018) (citing *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012)).  "Due process, in turn, requires 'reasonable notice and an opportunity to be heard.'"  *ZTE Corp.*, 2018 WL 3330022, at *5 (citing *Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011)).  "[T]he method of service crafted must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *RPost Holdings Inc.*, 2012 WL 194388, at *2 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 312 (1950)).

4

## III.     DISCUSSION

The Court must initially decide whether Orange's requested form of alternative service is prohibited by international agreement under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").  Compliance with the Hague Convention is mandatory when the requested method of service is effectuated within the territory of the foreign signatory.  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). Orange seeks to serve Autel ITC's counsel in this case, who are located in the United States. (Dkt. No. 37 at 8).  Therefore, Orange's requested alternative service will take place within the United States and not within the territory of a foreign signatory.  Accordingly, the requested alternative service is not precluded by the Hague Convention.

### A. Alternative Service Under Rule 4(f)(3)

As previously noted, courts have broad discretion in considering a request for alternative service under Rule 4(f)(3).  *In re OnePlus*, 2021 WL 4130643, at *3–4.  Courts consider the delay of service under the Hague Convention.  *See Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *3 (W.D. Tex. Jul. 2, 2014); *SIMO Holdings*, 2020 WL 6578411, at*2; *ZTE Corp.*, 2018 WL 3330022, at *5.  Courts also consider "the additional expense of serving a defendant in a foreign country." *Affinity Labs*, 2014 WL 11342502, at *3.  This Court has also taken into account a plaintiff's "multiple attempts to effectuate service."  *Stingray IP Sols., LLC v. Signify N.V.*, No. 2:21-CV-00044-JRG, 2021 WL 9095765, at *4 (E.D. Tex. Nov. 2, 2021).

The Court finds that further delay if service is attempted under the Hague Convention will likely be substantial and weighs in favor of granting Orange's request for alternative service. Courts have found that delays in service under the Hague Convention support alternative service. *Affinity Labs*, 2014 WL 11342502, at *3 (collecting cases).  Courts have granted Rule 4(f)(3) relief when "failure to permit alternat[ive] service will result in unduly long delays in litigation."  *Int'l*

*Designs Corp., LLC v. Qindao SeaForest Hair Prods. Co., Ltd.*, No. 17-60431-CIV-MORENO, 2018 WL 2364297, at *3 (S.D. Fla. Jan. 4, 2018).  This case has been pending for more than a year, and service under the Hague Convention at this juncture would, in the Court's view, likely delay this case another six to eight months.  *See, e.g.*, *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (noting that service via the Hague Convention would take "approximately six to eight months").  The Court also notes that this case has now been pending longer than the approximate time to serve a party under the Hague Convention.  Further, the Court finds that conserving resources and avoiding additional costs weighs in favor of alternative service under Rule 4(f)(3).  (*See* Dkt. No. 40-1 (estimating formal service at $6,000 USD)); *see also Affinity Labs*, 2014 WL 11342502, at *3 (collecting cases).

Orange's prior attempts to effectuate service on Autel ITC weigh in favor of alternative service.  Prior to filing this case, Orange communicated with Autel ITC regarding alleged infringement of the '064 Patent and negotiations to rectify the dispute.  (-240 action, Dkt. No. 37-1 ¶ 5; Dkt. No. 37-2).  After filing the above-captioned action, Orange attempted to effectuate service on Autel ITC's then-counsel, Steptoe & Johnson LLP (-240 action, Dkt. No. 37-1 ¶¶ 10, 11; Dkt. No. 38-1); Autel ITC's CEO via email and mail (-240 action, Dkt. No. 3; Dkt. No. 37-1 ¶ 12; Dkt. No. 40-1); and Autel ITC's IPR counsel via a process server (-240 action, Dkt. No. 37-1 ¶ 16).  The Court notes that Orange requested a formal waiver of service, and Autel ITC did not expressly reject Orange's requests until Autel ITC filed its Motion to Dismiss on December 27, 2021.  (Dkt. No. 44 at 6 ("In fact, Orange was explicitly put on notice of its deficient service at least as early as December 27, 2021, when Autel ITC filed its [M]otion to [D]ismiss.")).  As the Court previously noted, "[t]his is not a case where a plaintiff seeks alternative [service] without

first attempting to provide substantive notice through other means."[1]  *Stingray IP Sols.*, 2021 WL 9095765, at *4.

On balance, the foregoing considerations weigh in favor of granting alternative service so that the above-captioned action can promptly proceed.

### B. Due Process

Orange's requested alternative service on counsel for Autel ITC is reasonably calculated to apprise Autel ITC of the above-captioned action.  Orange initially attempted service on Autel ITC's CEO, whose counsel, Arch & Lake LLP, acknowledged receipt of such service.  (-240 action, Dkt. No. 37-1 ¶¶ 13, 14; Dkt. No. 43-1).  Other counsel for Autel ITC, Mayer Brown LLP, also represented Autel US, which filed a declaratory judgment action against Orange on the '064 Patent in the EDVA.  (-1321 action, Dkt. No. 1).  As the Court in the -1321 action stated, "[a]s detailed within the Complaint, the Texas civil action involves the same claims, factual issues, and patents as the present action for declaratory judgment.  There is sufficient similarity between the parties and issues in the two civil actions."  (-1321 action, Dkt. No. 24 at 6).  Mayer Brown LLP was intimately aware of the co-pending cases as they proceeded in this Court and the EDVA. (*See, e.g.*, -240 action, Dkt. No. 8 at 2–3; Dkt. No. 9).  In fact, Mayer Brown LLP remained counsel of record for Autel US in the -1321 action until the action was dismissed on March 21, 2022. (-1321, Dkt. No. 24 at 6).  Given that Autel ITC's counsel, Arch & Lake LLP and Mayer Brown LLP, were aware of this case and the EDVA (now dismissed) declaratory judgment action, the Court finds that service on Autel ITC's counsel comports with due process and will apprise Autel ITC of the above-captioned action.

---

[1] Further, this is not a case where a plaintiff seeks to "circumvent" the Hague Convention by rapidly requesting alternative service because Orange has waited longer than the time it would take to serve a party under the Hague Convention before making its request.

IV.     CONCLUSION

Having considered the Motion, the Court finds that it should be and hereby is **GRANTED**.

V.      ORDER

It is **ORDERED** that Orange is directed to serve Autel ITC under Federal Rule of Civil Procedure 4(f)(3) by delivering the summons and Complaint to Autel ITC's counsel of record at Mayer Brown LLP and Arch & Lake LLP, by service upon any of the following individuals: Gary M. Hnath, James A. Fussell, III, Bryan Neese, Hao Tan, or Shen Wang.  (Dkt. No. 37 at 8–9).

## So Ordered this

**Sep 9, 2022**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE