IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ORANGE ELECTRONIC CO. LTD., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> AUTEL INTELLIGENT TECHNOLOGY § <br> CORP., LTD., § <br> § <br> *Defendant*. § | CIVIL ACTION NO. 2:21-CV-00240-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Autel Intelligent Technology Corp., Ltd.'s ("Autel ITC") Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Service of Process, and Failure to State a Claim (the "Motion"). (Dkt. No. 9). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

I. **BACKGROUND**

On June 30, 2021, Orange Electronic Co. Ltd. ("Orange") filed suit against Autel ITC, asserting infringement of U.S. Patent No. 8,031,064C3 (the "'064 Patent"). (Dkt. No. 1 ¶ 4). Specifically, Orange contends that "Autel [ITC] has manufactured and sold Autel[] [ITC's] [tire-pressure-monitoring-system] [("TPMS")] products that infringe the Asserted Patent and which include at least, but not limited to, MaxiTPMS TS501, MaxiTPMS TS601, TS401, TS408, TS508, TS608, MS906TS, ITS 600, TS508WF, 1-Sensor (Press-in) M, 1-Sensor (Press-in) R, 1-Sensor (Screw-in) M, 1-Sensor (Screw-in) R, 315MHz MX-Sensor M, 433MHz MX-Sensor M, 315Mhz MX-Sensor R, and 433MHz MX-Sensor R [(collectively, the "Accused Products")]." (*Id.* ¶ 18). Orange is located in Taiwan, and Autel ITC is incorporated in China. (Dkt. No. 1 ¶¶ 1, 2; Dkt.

No. 9-1 ¶ 3). Autel US Inc. ("Autel US") is a wholly owned subsidiary of Autel ITC and is headquartered in Port Washington, New York. (Dkt. No. 9-2 ¶ 3).

Autel ITC moves to dismiss the above-captioned case under Rule 12(b)(2) for lack of personal jurisdiction; Rule 12(b)(5) for insufficient service of process; and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. No. 9 at 8).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(2)

"Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant." *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019). Where a claim involves substantive questions of patent law, the Court applies Federal Circuit law to evaluate personal jurisdiction. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017). However, the Fifth Circuit relies on the same analysis as the Federal Circuit in deciding whether personal jurisdiction exists. *Packless Metal Hose, Inc. v. Extek Energy Equip. (Zhejiang) Co.*, No. 2:09-CV-265-TJW, 2011 WL 504048, at *1 n.1 (E.D. Tex. Feb. 10, 2011).

Personal jurisdiction exists over a defendant where "a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *NexLearn*, 859 F.3d at 1375. "Because Texas's long-arm statute is coextensive with the Due Process Clause of the Fourteenth Amendment, the two inquiries merge." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (citations omitted). The Due Process Clause requires that a defendant have sufficient minimum contacts with the forum to confer either general or specific personal jurisdiction. *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 592 (E.D. Tex. 2019). For due process to be satisfied pursuant to specific jurisdiction, the

defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). "A court must inquire whether the defendant has 'purposefully directed his activities' at the forum state and, if so, whether 'the litigation results from alleged injuries that arise out of or relate to those activities.'" *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361–62 (Fed. Cir. 2006) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The minimum contacts test is satisfied if a defendant "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980)).

Upon a showing of purposeful minimum contacts, the defendant bears the burden to prove unreasonableness. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1351–52 (Fed. Cir. 2003). In rare circumstances, a defendant may defeat the exercise of personal jurisdiction by "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

Personal jurisdiction may also exist under Federal Rule of Civil Procedure 4(k)(2), which provides, "For a claim that arises under federal law, serving a summons . . . establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." FED. R. CIV. P. 4(k)(2); *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed. Cir. 2018) (quoting *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Come de Equip. Medico*, 563 F.3d 1285, 1293–94 (Fed. Cir. 2009)). In analyzing Prong 3 of Rule 4(k)(2),

a court must consider whether "(1) defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair." *M-I Drilling Fluids*, 890 F.3d at 999 (citing *Synthes*, 563 F.3d at 1293–94). The three-step due process analysis under specific jurisdiction and Prong 3 of Rule 4(k)(2) are similar; however, Rule 4(k)(2) "contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Id.* (quoting *Synthes*, 563 F.3d at 1295).

"Where, as here, a district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a prima facie showing that defendants are subject to personal jurisdiction." *Coyle*, 340 F.3d at 1349. "[A] district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Id.*

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if it "fails to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 826 (E.D. Tex. 2019). In evaluating a motion to dismiss, the Court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *Motiva Patents*, 408 F. Supp. at 827 (quoting *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019)). The "plaintiff is generally required to provide 'only a plausible "short and plain" statement of the plaintiff's claim . . .'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 936 (E.D. Tex. 2016) (Bryson, J.) (quoting *Sinner v.*

4

*Switzer*, 562 U.S. 521, 530 (2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

### III. DISCUSSION

#### A. Personal Jurisdiction

Autel ITC argues that Orange's allegations concerning specific jurisdiction in its Complaint are conclusory and contain nothing factual which establishes that Autel ITC has purposefully directed its activities to Texas or Orange's claims arise out of any such activity. (Dkt. No. 9 at 13). Autel ITC contends that Orange's allegations as to Autel ITC's activity in the United States are conclusory because Autel ITC does not "(1) manufacture, sell, or offer for sale any Autel products in Texas or anywhere else in the United States, (2) act as the importer of record for any Autel products sold in the United States, or (3) engage in any sales efforts targeting Texas or anywhere else in the United States." (*Id.*). Autel ITC alleges that any activity in the United States is performed by Autel US. (*Id.* at 13–14). Further, Autel ITC argues that personal jurisdiction would be neither reasonable nor fair given that the dispute concerning personal jurisdiction "centers on the activities of Autel US—the entity that Orange omitted from this case" because "joining Autel US as a defendant would defeat venue" in this district. (*Id.* at 14).

Orange argues that this Court has personal jurisdiction over Autel ITC under Rule 4(k)(2) and specific jurisdiction. (Dkt. No. 11 at 5, 7). Under Rule 4(k)(2), Orange argues that Autel ITC's contractual relationship with Autel US to import and sell Autel ITC's products within the United States is alone sufficient to establish minimum contacts with the United States. (*Id.* at 6). Orange contends that Autel ITC retained control over recruiting and signing-up U.S. retailers and dealers and directing U.S. customers to U.S. retailers for the Accused Products. (*Id.*). Under specific jurisdiction, Orange argues that the Court has personal jurisdiction over Autel ITC based

5

on its contacts with Texas because Autel ITC's website directs users to dealers within the Eastern District of Texas. (*Id.* at 7–8).

In its reply, Autel ITC argues that its website is a passive display of information, which is insufficient to establish purposeful availment for purposes of due process. (*See* Dkt. No. 18 at 7–8). Autel ITC contends that various portions of its website merely provide information, such as its "Become a Dealer" webpage, "Where to Buy" webpage, "Support" tab, and "Tech support" link. (*Id.* at 8). Autel ITC argues that although its products are sold to national retailers, such activity does not establish a direct connection to Texas because retailers control their distribution chain and where Autel ITC products are sold. (*Id.*). Further, Autel ITC argues that Rule 4(k)(2) is inapplicable because it consents to jurisdiction in the Southern District of New York.[1] (*Id.* at 9).

In its sur-reply, Orange argues that Autel ITC's website is interactive with customers because it allows them to enter their location and find dealers that sell the Accused Products in the East Texas area. (Dkt. No. 19 at 3). Orange contends that Autel ITC's website receives information from customers about issues with the Accused Products and directs customers to a service center nearby. (*Id.*). Orange also argues that prospective dealers can directly apply to become a dealer through Autel ITC's website. (*Id.*). Orange contends that the Federal Circuit has found Autel ITC's consent to jurisdiction in the Southern District of New York, in an attempt to avoid jurisdiction under Rule 4(k)(2), as inadequate. (*Id.* at 4–5 (citing *Merial*, 681 F.3d at 1296)).

---

[1] Autel ITC appears to argue that Rule 4(k)(2) is also inapplicable because "Orange never pleads this rule as a basis for jurisdiction." (*Id.* at 5 (emphasis in original)). However, Orange need not plead Rule 4(k)(2) for this Court to consider it as a basis for personal jurisdiction. *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1296 (Fed. Cir. 2012) ("[O]ur precedent holds that Rule 4(k)(2) can be considered even when the plaintiff has affirmatively pled a different basis for personal jurisdiction."); *see also ISI Intern., Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548 (7th Cir. 2001) ("Federal courts are entitled to apply the right body of law, whether the parties name it or not.").

1. Specific Jurisdiction

   a. Stream of Commerce

The Court finds that it has jurisdiction over Autel ITC under specific jurisdiction. Autel ITC purposefully directed its activities to Texas by placing the Accused Products into the stream of commerce. Autel US is a wholly owned subsidiary of Autel ITC. (Dkt. No. 9-2 ¶ 3). Autel ITC sells the manufactured products directly to Autel US to manage distribution to the United States. (Dkt. No. 9-2 ¶ 5). Autel US imports and sells the Accused Products to various retailers, including Walmart, O'Reilly Auto Parts, Advanced Auto Parts, and ABC Auto Parts, which have locations in Texas. (Dkt. No. 9-2 ¶ 5; Dkt. No. 11-1 ¶¶ 5–7). Autel ITC's website provides the location of said retailers at which the Accused Products are available for purchase "in the vicinity of Marshall, Texas[,] and surrounding areas." (Dkt. No. 11-1 ¶ 5). This is sufficient to qualify Autel ITC as placing the Accused Products into the stream of commerce with the expectation that such products will be purchased by consumers in Texas. Given that Autel ITC is aware that the Accused Products will be sold in Texas, Autel ITC can, therefore, reasonably anticipate that it will be subject to suit in Texas. *See Beverly Hills*, 21 F.3d at 1566.

Orange's claim for patent infringement arises out of Autel ITC's activities within Texas. In its Complaint, Orange alleges that "Autel has made, used, provided, supplied, distributed, sold, and/or offered for sale in the United States and in this district, TPMS products that infringe the Asserted Patent, without authorization from Orange and continues to do so now." (Dkt. No. 1 ¶¶ 17, 18). Autel ITC sells the Accused Products to Autel US, that then sells them to retailers that are located in Texas. (Dkt. No. 9-2 ¶ 5; Dkt. No. 11-1 ¶¶ 5–7). Accordingly, Orange's claim for patent infringement arises out of Autel ITC's sale of the Accused Products.

Personal jurisdiction over Autel ITC, in this case, is reasonable and fair. To determine whether exercising personal jurisdiction would comport with traditional notions of fair play and substantial justice, the Court considers "(1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interest of the states in furthering their social policies." *Synthes*, 563 F.3d at 1299 (citing *Burger King*, 471 U.S. at 477). Under the first factor, Autel ITC argues that there is a "considerable burden" to litigate in this Court; however, all parties inevitably experience burdens that are typically associated with a lawsuit. (Dkt. No. 9 at 14–15). Autel ITC may be burdened by defending in a foreign forum, but that burden has lessened overtime given that "progress in communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome." *Id.* (quoting *World-Wide Volkswagen*, 444 U.S. at 294). The second and fourth factors weigh in favor of jurisdiction because the United States has an interest in enforcing federal patent laws and providing a forum for Orange to pursue its claim for patent infringement and for the parties to efficiently resolve their disputes. *See id.* ("The United States also has an interest in discouraging injuries that occur within its boundaries, including injuries resulting from patent infringement."). Under the third factor, Orange has an interest in obtaining relief from alleged patent infringement. As to the fifth factor, the United States has an interest in furthering its social policy to discourage infringement of patent rights.

Autel ITC argues that the factors weigh against specific jurisdiction because Orange omitted Autel US from this case so that Orange would not have to litigate in New York; however, the Court notes that (1) Autel US has not moved to intervene in this case, and (2) Autel US filed a declaratory judgment action on the same Accused Patent and related issues in the Eastern District

8

of Virginia, which is located well outside of New York.  (*See* Case No. 1:21-cv-1321, Dkt. No. 1).  Accordingly, the Court finds that Autel ITC failed to carry its burden that personal jurisdiction is neither reasonable nor fair.

### b.  Autel ITC's Website

Further, Autel ITC directs its activities toward Texas and the United States via its website.  When a defendant interacts with contacts in a forum state over a website, courts "'examin[e] the level of interactivity and commercial nature of the exchange of information that occurs on the Web site' to determine whether the defendant has subjected itself to personal jurisdiction in a state or district where the defendant's customers receive the defendant's messages." *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 66 F. Supp. 3d 813, 826 (E.D. Tex. 2014) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).  Whether personal jurisdiction over a defendant is established is viewed on a spectrum—personal jurisdiction most likely exists where the defendant "clearly does business over the internet" and least likely exists where the defendant simply posts accessible information.  *Id.*  "In between are interactive websites, where the existence of personal jurisdiction 'is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.'"  *Id.*

Orange alleges that the infringing activity is Autel ITC's manufacture and sale of the Accused Products.  (Dkt. No. 1 ¶ 18).  Autel ITC's website details Autel ITC's activities as they are directed to the United States—"Autel specializes in the R&D (Research and Development), production, sales and service of automotive intelligent diagnostics, detection and analysis systems and automotive electronic components.  Autel products are mainly sold to more than 50 countries and regions such as the United States." (Dkt. No. 11-8 at 6).  Autel ITC's website contains links for prospective U.S. retailers to provide information to potentially partner with Autel ITC and

"Become a Dealer" of the Accused Products. (Dkt. No. 11-7). On its "Where to Buy" webpage, Autel ITC's website also directs users to U.S. retailers and dealers of the Accused Products, located "in the vicinity of Marshall, Texas[,] and surrounding areas." (Dkt. No. 11-1 ¶ 5). Further, under the "Support" tab and the "Tech support" link, Autel ITC's website requests that users identify any issue that they are having with an Accused Product and then indicates that Autel ITC will forward the issue to "professional technicians" in the user's region. (*Id.* ¶ 11 (emphasis in original)). In sum, Autel ITC's website permits prospective U.S. retailers to sign-up and be considered for approval to sell the Accused Products; provides users with the location to U.S. retailers and dealers to purchase the Accused Products; and allows users to provide information about issues with the Accused Products to be resolved by "professional technicians." *See, e.g.*, *Powerhouse Prods., Inc. v. Widgery*, 564 F. Supp. 2d 672, 679 (E.D. Tex. 2008) ("The website solicited user input so that marketing materials containing the infringing marks could be mailed to residents of Texas."). Therefore, Autel ITC's interactive website is sufficient to conclude that personal jurisdiction exists.

2. Rule 4(k)(2)

The Court also has personal jurisdiction over Autel ITC pursuant to Rule 4(k)(2). Under Prong 1, Orange's claim for patent infringement under 35 U.S.C. § 271 arises under federal law. Under Prong 2, Autel ITC is not subject to jurisdiction in any state court of general jurisdiction because Autel ITC is incorporated and located in China.[2] Under Prong 3 of Rule 4(k)(2), the Court

---

[2] "[T]he burden is on the defendant to name some other state in which the suit could proceed." *Bluestone Innovations Texas, L.L.C. v. Formosa Epitaxy Inc.*, 822 F. Supp. 2d 657, 663 (E.D. Tex. 2011). Autel ITC attempts to defeat jurisdiction under Rule 4(k)(2) simply by consenting to the Southern District of New York; however, such is inappropriate and such conduct has been rejected by the Federal Circuit. *See Merial*, 681 F.3d at 1294 (emphasis in original) (noting that "a defendant cannot defeat Rule 4(k)(2) by simply naming another state; the defendant's burden under the negation requirement entails identifying a forum where the plaintiff *could have* brought suit—a forum where jurisdiction would have been proper at the time of filing, regardless of consent.").

notes that the analysis follows the same three-step inquiry of specific jurisdiction except that under Rule 4(k)(2), Autel ITC's contacts are considered as they are directed to the United States at-large rather than the forum state (Texas) under specific jurisdiction. *M-I Drilling*, 890 F.3d at 999 (citing *Synthes*, 563 F.3d at 1295). Here, given that the Court already concluded that Autel ITC has the requisite minimum contacts with Texas, the Court also finds that Autel ITC has such contacts with the United States as a whole. As previously noted, Autel ITC sells the Accused Products to Autel US, that then sells them to U.S. national retailers such as Walmart, O'Reilly Auto Parts, Advanced Auto Parts, and ABC Auto Parts. (Dkt. No. 9-2 ¶ 5; Dkt. No. 11-1 ¶¶ 5–7). These retailers distribute those products for sale in their respective markets, which target Texas and this district.

### B. Failure to State a Claim

Autel ITC argues that Orange failed to plausibly allege direct infringement because Autel ITC is a foreign corporation that does not do business in the United States. (Dkt. No. 9 at 18). Orange contends that "Autel ITC's Motion . . . asks the Court to accept its factual denials over the pled allegations in the Complaint." (Dkt. No. 11 at 12).

The Court agrees with Orange and finds that Orange states a plausible claim for patent infringement against Autel ITC. To state a claim for patent infringement, the plaintiff must allege that an entity "without authority makes, uses, offers to sell, or sells any patented invention, with the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271. Orange's Complaint states:

> This matter involves Orange's tire pressure monitoring system ("TPMS") patent (U.S. Patent No. 8,013,064C3) infringed by Autel [ITC]'s tire pressure monitoring system (TPMS) products. (Dkt. No. 1 at 1).
> . . . .
> Orange is informed and believes and alleges that Autel [ITC] has been and is currently infringing and/or contributing to and/or actively inducing others to infringe claims of U.S. Patent No. 8,031,064 C3 ("the '064 Patent" or "the Asserted Patent"). (Dkt. No. 1 ¶ 4).

11

> . . . .
> Orange is informed and believes and alleges that Autel [ITC] has made, used, provided, supplied, distributed, sold, and/or offered for sale in the United States and in this district, TPMS products that infringe the Asserted Patent, without authorization from Orange and continues to do so now.  (Dkt. No. 1 ¶ 17).

(Dkt. No. 1 at 1, 2, 5).  Based on the foregoing, Orange articulates the standard for patent infringement in its Complaint and provides Autel ITC with proper notice of its claim.  Autel ITC's arguments are directed toward factual disputes with the Complaint, which cannot be resolved at this stage of the proceedings.

### C. Service of Process

The Court granted Orange's Motion for Leave to Effective Service by Alternate Means and directed Orange to serve Autel ITC's counsel of record to effectuate service.  (Dkt. No. 37; Dkt. No. 49).  Accordingly, the Court finds that the Motion, which is, in part, directed to Orange's efforts to serve Autel ITC prior to these alternative methods of service which the Court has approved, should be denied as to insufficient service of process.

## IV. CONCLUSION

Having considered the Motion, the Court finds that it should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 21st day of September, 2022.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE