IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ORANGE ELECTRONIC CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> AUTEL INTELLIGENT TECHNOLOGY CORP., LTD. <br><br> Defendant. | Civil Action No. 2:21-cv-240-JRG |

### PLAINTIFF ORANGE ELECTRONIC CO. LTD'S REPLY ISO ITS MOTION FOR FINAL JUDGMENT, PRE- AND POST- JUDGMENT INTEREST, FUTURE ROYALTY RATE, AND COSTS

Plaintiff Orange Electronic Co. Ltd respectfully submits this Reply to address one issue set forth in Autel's Opposition to Plaintiff's Motion for Final Judgment, namely, Autel's opposition to Orange's prejudgment interest request.

Autel's argument that the jury's damage award was not a lump sum (Autel Br. At 6), is incorrect. The Verdict Form clearly sets forth a lump sum amount of $6,616,397 in past damages. Dkt. No. 158.  The fact that the calculation by Orange's expert to get to that amount was based on royalties, does not change the fact that the jury awarded a lump sum amount.

Autel argues, without citation to any authority, and without addressing the precedent cited in Orange's Motion, that interest should only be applied after each quarter's sales were made. Autel bases its piecemeal proposal on the legally unsupportable argument that the jury's lump-sum award, was based on royalty amounts for the various products.  Autel's proposal ignores the

1

precedent from the Federal Circuit and this Court, and instead applies interest only to sales after they occurred, on a quarterly basis.

Had Autel read the cases cited in Orange's Motion, it would understand that the lump sum awards in those cases were also based on per-unit royalty calculations.  For example, Orange's Motion cited *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. 2020), in which the Federal Circuit upheld a 10% prejudgment interest rate, "properly applied to the entire amount beginning on the first date of the infringement," despite that the fact that the jury's lump sum award was based on the plaintiff's proposed 2% royalty rate.  *See, e.g., Schwendimann v. Arkwright Advanced Coating, Inc.*, 2018 U.S. Dist. LEXIS 127732, *23 (D. Minn 2018) ("[Plaintiff's damages expert] testified that if AACI was found to infringe Schwendimann's patents, then she should receive a reasonable royalty in the amount of two percent."). That is the same situation here – the lump sum award was based on a royalty calculation.  The defendant in *VirnetX Inc. v. Apple Inc.*, 324 F. Supp. 3d 836, 873 (E.D. Tex. 2017) also made the same argument that Autel is making, and this Court rejected it as inconsistent with how this Court calculates prejudgment interest.  *Id*. ("Consistent with the practice in this district, the Court ORDERS that VirnetX be awarded pre-judgment interest at the prime rate compounded annually, to be applied on the entire jury award beginning at the date of the hypothetical negotiation."); *see also DDR Holdings, LLC v. Hotels.com, L.P.*, No. 2:06-cv-42-JRG, 2013 WL 3187163, at *1-2 (E.D. Tex. June 20, 2013) (rejecting the same argument).

Thus, Orange submits that Autel's piecemeal counter-proposal is contrary to the law and should be rejected.

## CONCLUSION

For the reasons set forth above and in its Motion for Final Judgment, Plaintiff Orange Electronic requests entry of final judgment in its favor.

Dated:  August 1, 2023

/s/ J. Thad Heartfield_____
J Thad Heartfield
State Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX 77706
Telephone: 409-866-3318
Facsimile: 409-866-5789
Email: thad@heartfieldlawfirm.com

John F. Rabena
Email: jrabena@sughrue.com
William H. Mandir (admitted *pro hac vice*)
Email: wmandir@sughrue.com
Carl J. Pellegrini (admitted *pro hac vice*)
Email: cpellegrini@sughrue.com
SUGHRUE MION PLLC
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 293-7060
Facsimile: (202) 293-7860

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 1, 2023.

/s/ J. Thad Heartfield_____
J. Thad Heartfield